FILED

**NOT FOR PUBLICATION**

FEB 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARIN CORPORATION, a California Corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GWEN MUELLER, an individual, <br><br> Defendant - Appellee. | No. 08-55625 <br><br> D.C. No. 2:08-cv-00135-ODW-OP <br><br> MEMORANDUM[*] |
| LARIN CORPORATION, a California Corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ALLTRADE INC., a California corporation; ALLTRADE TOOLS LLC; ANDRE LIVIAN, <br><br> Defendants - Appellees. | No. 08-55790 <br><br> D.C. No. 5:06-cv-01394-ODW-OP |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| LARIN CORPORATION, | No. 08-56191 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 5:06-cv-01394-ODW-OP |
| v. | |
| ALLTRADE, INC., a California corporation; ALLTRADE TOOLS LLC, a California limited liability corporation; ANDRE LIVIAN, | |
| Defendants-counter-claimants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted December 9, 2009
Pasadena, California

Before: PREGERSON, McKEOWN and PAEZ, Circuit Judges.

This trademark infringement suit between Larin Corp. ("Larin") and Alltrade Inc., Alltrade LLC and Andre Livian ("Alltrade") presents three issues on appeal. First, we consider whether the district court abused its discretion in granting Alltrade's motion for summary judgment on judicial estoppel grounds. Second, we consider whether the district court erred in denying Larin's motion to add a claim of false advertising to the pretrial order. Finally, we consider whether

2

the district court abused its discretion in dismissing as duplicative Larin's separate suit against former Alltrade employee Gwen Mueller.

We review de novo the district court's grant of summary judgment, San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998), but review the application of judicial estoppel to the facts of the case for abuse of discretion. Williams v. Boeing Co., 517 F.3d 1120, 1134 (9th Cir. 2008). We review the district court's dismissal of the suit against Gwen Mueller for abuse of discretion. Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007).

## I. TRADE DRESS INFRINGEMENT

Both parties sell hydraulic-lift stools styled like motorcycle seats. Larin claims that the photographs and coloring on the packaging in which Alltrade sells its stools is confusingly similar to the photographs and coloring on the packaging in which Larin sells its stools. Larin seeks relief under § 43(a) of the Lanham Act. 15 U.S.C. § 1125(a). Alltrade claims that Larin should be judicially estopped from pursuing a claim for trade dress infringement because during discovery Larin shifted from a trade dress infringement claim to a false advertising claim (which may also be remedied under § 43(a)) and Alltrade was thus prejudiced in preparing its defense.

3

We do not opine as to whether the district court correctly concluded that Larin's attorney attempted to mislead Alltrade's counsel during discovery—and the district court's frustration with said counsel's lack of clarity is certainly understandable—but assuming there is error to be remedied here, judicial estoppel is the wrong tool for the job. We uphold a district court's application of judicial estoppel when: "1) the party's current position is 'clearly inconsistent' with its earlier position, 2) the party was successful in persuading a court to accept its earlier position, and 3) the party would 'derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" Williams, 517 F.3d at 1134 (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001)). None of those elements are met in this case.

Larin's scattered references to false advertising during discovery do not support the contention that Larin adopted disparate positions that were clearly inconsistent with one another. Throughout the record, the essential nature of the dispute is readily apparent. The record is replete with claims about and discovery related to the similarities between the Larin and Alltrade boxes. Claims of false advertising and trade dress infringement are not mutually exclusive, and plaintiffs can and do advance both theories in a complaint. See, e.g., Cooper Indus. v. Leatherman Tool Group, 532 U.S. 424, 428 (2001). Alltrade acknowledged during

4

the pretrial conference that the elements of false advertising and trade dress infringement overlap to some degree. Larin's self-definition of "trade dress" during discovery muddied the waters, but in the end did not change the essential nature of its claims.

We have also "restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-83 (9th Cir. 2001); see also United National Insurance Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 779 (9th Cir. 2009). Nothing in the record demonstrates that Larin succeeded in persuading the district or magistrate judges to accept the position that Larin had abandoned its trade dress infringement claim.

Finally, there is insufficient evidence to support the claim that Alltrade was prejudiced by Larin's behavior. Despite the district court's determination that Larin's counsel was playing "bait-and-switch" with its theories of liability, Alltrade was able to obtain evidence relevant to both false advertising and trade dress infringement defenses. Indeed, while Alltrade asserted on appeal that it had not conducted sufficient discovery on trade dress infringement elements like secondary meaning, its final pretrial disclosure tells a different story. There, Alltrade asserted, among other things, that its expert was ready to testify regarding

5

secondary meaning in the Larin and Alltrade packaging.

Judicial estoppel is not applicable in this case because none of the elements are met. We therefore reverse the grant of summary judgment with regard to Larin's trade dress infringement claim against Alltrade and remand.

## II. FALSE ADVERTISING CLAIM

The district court denied Larin's motion for reconsideration of its finding that Larin abandoned any claim for false advertising, because the false advertising claim was not part of the pretrial order. We affirm that ruling. In any event, this issue is moot because Larin's argument on appeal was predicated on affirmance of dismissal of the trade dress infringement claim, which we reverse.

## III. MUELLER COMPLAINT

We affirm the district court's dismissal of Larin's claims against Gwen Mueller. The claims against Mueller were identical to those pled against Alltrade, and Alltrade identified Mueller as an employee involved with the creation of the Alltrade trade dress prior to the scheduling order's deadline to add new parties. The district court did not abuse its discretion in dismissing the duplicative complaint against Mueller.

## IV. WAIVER OF CLAIMS

Larin asserted in the Statement of Issues in its opening brief that the district court erred in granting attorneys' fees to Alltrade pursuant to 28 U.S.C. § 1927. Larin did not, however, offer any argument or authority on this issue and the argument is therefore waived. Kohler v. Inter-tel Technologies, 244 F.3d 1167, 1182 (9th Cir. 2001). We affirm the grant of attorneys' fees.

Larin also failed to develop its passing assertion that the district court demonstrated prejudice against Larin's counsel, and that we should therefore direct the case to a different district judge. This argument is waived, and we are confident that the assigned district judge can give a fair hearing to Larin's trade dress infringement claim.

We AFFIRM the dismissal of the Mueller complaint, the dismissal of the false advertising claim, and the grant of attorneys' fees pursuant to 28 U.S.C. § 1927, and REVERSE the grant of Alltrade's motion for summary judgment on the trade dress infringement claim. Each side shall bear its own costs on appeal.