
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JENNIFER L. KINDSCHI,

     Plaintiff-Appellant,

     v.

FEDERAL EXPRESS
CORPORATION, DBA FedEx
Express,

     Defendant-Appellee.

No. 17-16740

D.C. No. 4:15-cv-00173-FRZ

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted October 1, 2019**
San Francisco, California

Before: FERNANDEZ, W. FLETCHER, and PAEZ, Circuit Judges.

Jennifer Lee Kindschi appeals from the district court's grant of summary

judgment in favor of Federal Express Corporation (FedEx) in her Americans with

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

Disabilities Act of 1990[1] (ADA) action against FedEx. We reverse and remand.

Kindschi argues that FedEx improperly terminated her because it was required to accommodate a disability that resulted in her tardy arrival at work on a number of occasions. FedEx asserts that the evidence is insufficient to support a finding that it had notice that Kindschi needed an accommodation.[2] The district court agreed with FedEx; we do not.

We have carefully reviewed the record and are satisfied that based upon the evidence, a reasonable fact-finder could determine[3] that FedEx knew or had reason to know[4] that Kindschi did need a reasonable accommodation regarding its

---

[1] Pub. L. No. 101–336, 104 Stat. 327 (codified as amended in scattered sections of 42 and 47 U.S.C.).

[2] FedEx does not dispute that Kindschi was disabled, that she was qualified to perform the essential functions of her job, and that she suffered an adverse employment action.

[3] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S. Ct. 2548, 2552–54, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–52, 255, 106 S. Ct. 2505, 2510–12, 2514, 91 L. Ed. 2d 202 (1986); *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1133 (9th Cir. 2001).

[4] *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc), *vacated on other grounds sub. nom. U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 122 S. Ct. 1516, 152 L. Ed. 2d 589 (2002); *see also U.S. Airways*, 535 U.S. at 407, 122 S. Ct. at 1526 (Stevens, J. concurring); *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018); *Humphrey*, 239 F.3d at 1137–38.

tardiness policies.[5] In fact, the evidence can support a determination that Kindschi told her supervisors about her underlying condition and asked for what amounted to accommodation due to the effect of that condition on her ability to arrive at the workplace precisely on time.[6]

**REVERSED and REMANDED** for further proceedings. Costs are to be taxed against FedEx.

---

[5]*See Humphrey*, 239 F.3d at 1137. We note that conduct (here, tardiness) resulting from a disability (here, underlying depression and anxiety) "is considered to be part of the disability." *Id.* at 1139–40; *see also Gambini v. Total Renal Care, Inc.*, 486 F.3d 1087, 1093 (9th Cir. 2007).

[6]FedEx's suggestion that Kindschi's prior statement (that she was treated just like other employees) should judicially estop her from making the present claim is not persuasive. The district court appears to have believed that summary judgment was proper because FedEx's policy regarding timeliness was applied to Kindschi in the same manner as to other employees. This was error. By definition, the ADA is designed to accord those with disabilities different (accommodated) treatment. *See U.S. Airways*, 535 U.S. at 397–98, 122 S. Ct. at 1521; *McAlindin v. County of San Diego*, 192 F.3d 1226, 1237 (9th Cir. 1999), *amended*, 201 F.3d 1211, 1211 (9th Cir. 2000). Judicial estoppel does not apply. *See Williams v. Boeing Co.*, 517 F.3d 1120, 1134 (9th Cir. 2008).