

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>THEOS FEDRO HOLDINGS, LLC,<br>　　　　　　　Debtor. | BAP No. NC-23-1128-FBN<br><br>Bk. No. 21-30202 |
| PHILIP ACHILLES, Individually and as Sole Shareholder and Managing Member of Theos Fedro Holdings, LLC and Sole Trustee of the Achilles Trust,<br>　　　　　　　Appellant,<br>v.<br>JANINA M. HOSKINS, Chapter 7 Trustee,<br>　　　　　　　Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Dennis Montali, Bankruptcy Judge, Presiding

Before: FARIS, BRAND, and NIEMANN,[**] Bankruptcy Judges.

## INTRODUCTION

Philip Achilles, the sole member and officer of debtor Theos Fedro

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[**] Hon. Jennifer E. Niemann, U.S. Bankruptcy Judge for the Eastern District of California, sitting by designation.

Holdings, LLC ("Theos Fedro"), appeals the bankruptcy court's order converting Theos Fedro's chapter 11[1] case to one under chapter 7.

Mr. Achilles lacks standing to pursue this appeal. We therefore DISMISS this appeal.

## FACTS[2]

### A. Prepetition events

Mr. Achilles owns Theos Fedro and A.A. Parking, Inc. Theos Fedro owns commercial real estate at 819 Ellis Street in San Francisco, California ("Property"), which it had acquired from Mr. Achilles' personal trust. A.A. Parking leases the Property from Theos Fedro and operates a parking garage at that location.

In December 2017, Theos Fedro borrowed $3.6 million from Pender Capital Asset Based Lending Fund I, LP ("Pender"). The loan is secured by the Property and the rents generated by the Property.

Theos Fedro defaulted on the loan. Mr. Achilles and Theos Fedro sued Pender in state court ("Lender Liability Action") for breach of contract and fraud. Pender asserted counterclaims against Theos Fedro, as well as crossclaims against an escrow agent. In November 2020, Pender initiated

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and related cases. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

foreclosure proceedings against the Property.

**B.     Theos Fedro's chapter 11 bankruptcy case**

In March 2021, Mr. Achilles, as managing member, caused Theos Fedro to file a chapter 11 bankruptcy petition. It scheduled the Property as its primary asset. It also scheduled Pender's first mortgage lien, in addition to a number of judgment liens and statutory liens against the Property.

Initially, Theos Fedro, managed by Mr. Achilles, served as debtor-in-possession. Pender removed the Lender Liability Action to the bankruptcy court, and the parties continued to litigate that dispute.

In July 2021, the bankruptcy court appointed appellee Janina M. Hoskins ("Trustee") to serve as chapter 11 trustee. The Trustee substituted into the Lender Liability Action on behalf of the bankruptcy estate. The bankruptcy court eventually dismissed the Trustee's amended complaint with prejudice in October 2022. The Trustee did not appeal. The bankruptcy court later granted summary judgment in favor of Pender on Mr. Achilles' claims.[3]

Meanwhile, the Trustee marketed the Property for sale, and the bankruptcy court approved a proposed sale in March 2022. Ultimately, that

---

[3] After the bankruptcy court's ruling, Mr. Achilles sought an extension of time to oppose the summary judgment motion, but the bankruptcy court denied his request. We dismissed his appeal from that decision as interlocutory. *Achilles v. Pender Cap. Asset Based Lending Fund I, L.P. (In re Theos Fedro Holdings, LLC)*, BAP No. NC-23-1086-BSC, 2024 WL 246445 (9th Cir. BAP Jan. 23, 2024). We noted that the summary judgment ruling was also interlocutory because Pender still held cross-claims against Mr. Achilles and the escrow agent, and the Trustee had claims against the escrow agent. *Id.* at *4.

sale did not close.

The defeat in the Lender Liability Action and the failure of the proposed sale left the Trustee with few options. The Trustee sought to compromise the estate's remaining disputes with Pender in the Lender Liability Action and other related disputes. Under the proposed compromise, Pender would retain its secured claim against the Property and its rental proceeds, as well as any deficiency claim against the estate. The Trustee also agreed to stipulate to relief from the automatic stay to allow Pender to foreclose on the Property.

Mr. Achilles objected to the proposed compromise. He asserted an equitable interest in the Property that was protected by the homestead exemption. He also asked the court to void Pender's lien and remove Ms. Hoskins as chapter 11 trustee. After a hearing, the bankruptcy court entered an order granting the motion to compromise. Mr. Achilles appealed that order to the BAP ("Compromise Appeal").

## C.  The Trustee's motion to convert

The Trustee filed a motion to convert Theos Fedro's chapter 11 case to chapter 7 ("Motion to Convert"). She argued that the Property would soon be foreclosed upon, so the bankruptcy estate would be left with virtually no assets. She contended that the bankruptcy estate was insolvent and that there was no prospect for the recovery of other assets. She concluded that conversion was in the best interest of creditors and the estate. She explained that "the following factors under § 1112(b)(4) are

4

present: substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

Mr. Achilles, proceeding pro se, opposed the Motion to Convert. He argued that conversion was not in the best interest of the estate because he could propose a confirmable chapter 11 plan. He also accused the Trustee of not acting in the best interest of the estate.

The Trustee filed a reply memorandum, questioning Mr. Achilles' standing to object to conversion. She also argued that Mr. Achilles was unable to propose a confirmable plan.

Mr. Achilles filed a surreply, arguing that the Trustee had "abandoned" Theos Fedro's case and the claims against Pender and had acted against the best interests of the estate.

Mr. Achilles did not appear at the hearing on the Motion to Convert. The bankruptcy court granted the motion and explained that Mr. Achilles' frustration with Pender was not a basis to deny the Motion to Convert. It said that he "has all sorts of beliefs that he could do something better, but he hasn't done anything and he has had plenty of opportunity to sponsor some sort of bailout to keep this case in a Chapter 11 and seek to have the plan confirmed, but none of that has materialized."

On the same day, the bankruptcy court entered its order converting the case to one under chapter 7 ("Conversion Order"). Ms. Hoskins later became chapter 7 trustee.

Mr. Achilles filed a motion for rehearing and reconsideration of the

Conversion Order ("Motion for Reconsideration"). He complained that he was unable to connect via Zoom to the hearing on the Motion to Convert and otherwise repeated his arguments accusing Pender of wrongdoing.

## D.  Post-appeal events

Mr. Achilles filed a motion for leave to appeal the Conversion Order and a notice of appeal. He attached a copy of a proposed chapter 11 plan to the notice of appeal.

After a hearing, the bankruptcy court denied the Motion for Reconsideration ("Reconsideration Order"). Mr. Achilles did not amend his notice of appeal to include the Reconsideration Order.[4]

On August 17, 2023, Pender apparently completed its foreclosure of the Property. A trustee's deed upon sale was recorded in favor of 819 Ellis CF Holdings, LLC.

Recently, the BAP merits panel dismissed the Compromise Appeal. *Achilles v. Hoskins (In re Theos Fedro Holdings, LLC)*, BAP No. NC-23-1103-SCB, 2023 WL 8802541 (9th Cir. BAP Dec. 20, 2023). It held that Mr. Achilles failed to establish his Article III standing. It otherwise held that he failed to present any coherent basis for reversal on the merits.

---

[4] Mr. Achilles also does not explicitly challenge the Reconsideration Order on appeal and has waived any argument concerning that order. *See* Rule 8002(b)(3) (amended notice of appeal); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("On appeal, arguments not raised by a party in its opening brief are deemed waived."). Even if we were to consider the Reconsideration Order, we would dismiss this appeal for the reasons stated herein.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A).

Although neither party raises the issue of Mr. Achilles' standing on appeal, we have an obligation to examine our own jurisdiction under 28 U.S.C. § 158. *See Aheong v. Mellon Mortg. Co. (In re Aheong)*, 276 B.R. 233, 238 (9th Cir. BAP 2002). It is always the appellant's burden to establish standing. *See Hasso v. Mozsgai (In re La Sierra Fin. Servs., Inc.)*, 290 B.R. 718, 726 (9th Cir. BAP 2002).

The Ninth Circuit has recently held that, "[t]o appeal a bankruptcy court's order, a party must establish Article III standing and that it is 'aggrieved' by the order." *Clifton Cap. Grp., LLC v. Sharp (In re E. Coast Foods, Inc.)*, 80 F.4th 901, 905 (9th Cir. 2023). To establish Article III standing, an appellant must "show that it has: (1) suffered an 'injury in fact' that is concrete, particularized, and actual or imminent, (2) the injury is 'fairly traceable' to the defendant's conduct, and (3) the injury can be 'redressed by a favorable decision.'" *Id.* at 906; *see Raines v. Byrd*, 521 U.S. 811, 819 (1997) ("We have consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him."). "In addition to having standing at the outset, a plaintiff's stake in the litigation must continue throughout the proceedings, including on appeal." *Williams v. Boeing Co.*, 517 F.3d 1120, 1128 (9th Cir. 2008).

Mr. Achilles has not established that he has standing to appeal the Conversion Order. He has admitted that he is not a creditor of Theos Fedro's estate, and he has not filed a proof of claim. He also does not dispute the Trustee's assertion that Theos Fedro is insolvent, so Mr. Achilles, as the sole member of the debtor, will not receive any money at the end of the case. While he claimed that Theos Fedro and A.A. Parking will go out of business and he will be "homeless" if Pender forecloses on its lien, that speculation is not directly relevant to the conversion of the bankruptcy case to chapter 7. The conversion itself does not implicate Mr. Achilles' "personal stake" in the dispute or otherwise establish that he suffered any "injury in fact."

Mr. Achilles appears to believe that he can appeal on behalf of Theos Fedro. He attempts to maintain an illusion of control by filing documents purportedly on behalf of "debtor-in-possession" Theos Fedro, such as the plan and disclosure statement. However, he lost the ability to control or act for Theos Fedro when the bankruptcy court appointed a chapter 7 trustee upon conversion; only the chapter 7 trustee may act on behalf of the debtor. *Cf. C.W. Mining Co v. Aquila, Inc. (In re C.W. Mining Co.)*, 636 F.3d 1257, 1265 (10th Cir. 2011) ("[E]ven after conversion to Chapter 7, a corporation's management is not without recourse. **While they still control the corporation**, managers can contest a conversion to Chapter 7. Accordingly, they can appeal a conversion order (**at least until a trustee is appointed**)." (citation omitted) (emphases added)).

Nothing in Mr. Achilles' submissions on appeal establishes his appellate standing. We therefore must dismiss this appeal.[5]

## CONCLUSION

Mr. Achilles does not have standing to appeal the bankruptcy court's order, so we DISMISS this appeal.

---

[5] Even if we were to consider the merits of Mr. Achilles' appeal, we would affirm. The record amply supports the bankruptcy court's ruling. Mr. Achilles does not challenge the basis of the Conversion Order, instead focusing on Pender's alleged wrongdoing. None of these allegations have anything to do with the Conversion Order; they do not refute the Trustee's allegation of "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" or prove that conversion is not in the best interest of creditors and the estate. In short, Mr. Achilles has failed to establish that the bankruptcy court abused its discretion.