FILED
United States Court of Appeals
Tenth Circuit

September 26, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ERIC ALLRED, on his own behalf and on
behalf of a class of similarly situated
persons,

      Plaintiff - Appellee,

and

STATE OF UTAH; SEAN D. REYES,

      Plaintiff Intervenors - Appellants,

v.

RECONTRUST COMPANY, N.A.,

      Defendant - Appellee.

No. 18-4006
(D.C. No. 2:13-CV-01124-BSJ)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
_____

      The State of Utah and its Attorney General, Sean D. Reyes (collectively, the

State), appeal from a district court order approving the settlement of a class action lawsuit

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

against ReconTrust Company, N.A. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the district court's cy pres award and remand for further proceedings.

## BACKGROUND

In 2013, Eric Allred filed a class action lawsuit against ReconTrust in Utah State Court, alleging that ReconTrust, a national bank, had illegally served as the trustee in hundreds of nonjudicial foreclosures against Utah residents. ReconTrust removed the lawsuit to federal court, where the State intervened seeking a declaration that Utah law, rather than federal law, governed and prohibited ReconTrust's actions.

The parties eventually settled the lawsuit with two agreements. First, Allred and ReconTrust entered into an agreement requiring ReconTrust to establish a $1,242,500 fund to pay class members' claims, attorney fees, and administration fees. Allred and ReconTrust also agreed to the creation of a cy pres fund:[1] "The Parties agree that the amount of any Benefit Checks not timely negotiated and any amount of the Settlement Amount remaining shall belong to the State of Utah, to be used for programs related to housing, housing loans, and homelessness." Aplt. App., Vol. II at 106. Second, ReconTrust and the State executed a separate agreement that settled the State's

---

[1] "In the class action context, *cy pres* refers to the practice of distributing settlement funds not amenable to individual claims or meaningful pro rata distribution to nonprofit organizations whose work is determined to indirectly benefit class members." *Frank v. Gaos*, 139 S. Ct. 1041, 1045 (2019) (per curiam). In other words, "[t]he cy pres doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries." *Tennille v. W. Union Co.*, 809 F.3d 555, 560 n.2 (10th Cir. 2015) (internal quotation marks omitted).

declaratory relief claim, paid the State's attorney fees, and acknowledged the cy pres fund's creation.

The district court preliminarily approved the class settlement, "find[ing] that the proposed Settlement of this action as reflected in the Class Action Settlement Agreement and Release is a fair, reasonable, and adequate compromise of the disputed claims." *Id.* at 138. After notice of the class-action settlement was sent to class members and no member objected or opted out, the district court held a final fairness hearing.

At the hearing, the district court inquired about the cy pres fund, as the proposed order drafted by Allred's attorney stated only that "any residue of the Common Fund shall be contributed as *cy pres* award to [Name]." *Id.* at 129 (brackets in original). The district judge asked, "Why don't we just give it to the United States and let it go at that?" *Id.* at 176. The attorneys for each party attempted to explain, with varying degrees of clarity, that the class settlement agreement intended that unused settlement funds be given to the State to combat homelessness. The State's attorney specifically tied that goal to the instant class action lawsuit, stating that the proposed cy pres fund would "be an amelioration of part of the problems in the housing crisis which we viewed ReconTrust . . . as being a contributing factor." *Id.* at 186.

Nevertheless, the district court focused on giving any unclaimed money to the United States, explaining that "[t]hey need all the money they can get," *id.* at 181, and that "we're not in the charity business," *id.* at 184. At the conclusion of the hearing, the district court approved the class settlement agreement in all respects except for the parties' cy pres provision, stating:

3

I think that the residue of the common fund should be paid to the clerk of the United States District Court to be held by the clerk for a period of three years to enable those who have a legitimate claim [to] their share of that money, could be given the opportunity to present an appropriate petition asking for that. And that thereafter if any money remains, it shall cy-près to the United States of America. And in doing that, I in no way comment upon the propriety of the suggestions made by counsel in reference to that.

*Id.* at 189-90.

The State now appeals,[2] challenging the district court's cy pres award to the

United States.[3]

---

[2] The State represents that it "is not opposed to allowing class members another three years to collect their awards from the class fund as long as that provision is not used to justify or facilitate awarding any unclaimed funds to the United States." Aplt. Br. at 8 n.1.

[3] Preliminarily, this court spotted potential jurisdictional defects in the areas of standing and finality. Accordingly, this court ordered the State to (1) address its standing to challenge the district court's modification of the class action settlement agreement, and (2) secure a final judgment dismissing its declaratory judgment claims against ReconTrust. In regard to standing, the State responded that it had suffered an actual concrete and particularized injury in that the district court's modification vitiated its contractual right as a third-party beneficiary to a cy pres fund that includes over $770,000. Further, the State noted that success on appeal would redress its injury. We conclude that the State has demonstrated standing to appeal. *See Tennille*, 809 F.3d at 562 (indicating a party would have standing to appeal a "colorable claim for the return of excess money" in a cy pres fund (internal quotation marks omitted)).

Additionally, the State has cured the perceived jurisdictional defect with respect to finality by obtaining a stipulated dismissal of its complaint. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (allowing a plaintiff to "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared").

4

"The district court's approval of a class action settlement is reviewed for an abuse of discretion." *New England Health Care Emps. Pension Fund v. Woodruff*, 512 F.3d 1283, 1290 (10th Cir. 2008). Although "the district court's decision to approve or reject a settlement is committed to the sound discretion of the trial judge," *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1186-87 (10th Cir. 2002) (internal quotation marks omitted), "we have to satisfy ourselves, before we can conclude that the judge did not abuse his discretion, that he exercised his discretion, that is, that he considered the factors relevant to that exercise," *Woodruff*, 512 F.3d at 1290 (internal quotation marks omitted).

"A district court may approve a proposed settlement only after finding that it is fair, reasonable, and adequate." *Fager v. CenturyLink Commc'ns, LLC*, 854 F.3d 1167, 1174 (10th Cir. 2016) (internal quotation marks omitted). A cy pres remedy contained in a class-action settlement must also be reviewed through that lens. *See In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 169 (3d Cir. 2013) (observing that courts have permitted cy pres awards in class action settlements for "a charitable purpose reasonably approximating the interests pursued by the class" where "[m]oney may remain unclaimed" or it is " economically or administratively infeasible to distribute funds to class members"); *Lane v. Facebook, Inc.*, 696 F.3d 811, 819-20 (9th Cir. 2012) (stating that "[t]he district court's review of a class-action settlement that calls for a *cy pres* remedy is not substantively different from that of any other class-action settlement except that the court should not find the settlement fair, adequate, and reasonable unless the *cy pres* remedy accounts for the nature of the plaintiffs' lawsuit, the objectives of the

5

underlying statutes, and the interests of the silent class members" (brackets and internal quotation marks omitted); *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 33 (1st Cir. 2009) (observing that "[i]n class actions, courts have approved creating cy pres funds, to be used for a charitable purpose related to the class plaintiffs' injury, when it is difficult for all class members to receive individual shares of the recovery and, as a result, some or all of the recovery remains").

We see no indication that the district court considered whether the cy pres agreement between Allred and ReconTrust was fair, reasonable, and adequate. Indeed, it appears that the district court may have rejected the very premise of a cy pres remedy, given the district court's inclination to give the money to the United States for an economic reason and its opposition to the money being used for a charitable purpose.

Accordingly, we VACATE the district court's cy pres award to the United States and we REMAND this matter so the district court may (1) conduct the requisite analysis of the cy pres award contained in the Allred/ReconTrust settlement agreement, and (2) set forth its analysis in written findings and conclusions.

Entered for the Court


Allison H. Eid
Circuit Judge

6