**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIRK J. NYBERG, | No.    17-35315 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01175-PK |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding

Submitted December 9, 2022[**]
Seattle, Washington

Before:  McKEOWN, MILLER, and MENDOZA, Circuit Judges.

Kirk Nyberg appeals the district court's dismissal of his claims brought

under the Fair Debt Collection Practices Act ("FDCPA").  We have jurisdiction

under 28 U.S.C. § 1291 and remand to the district court to evaluate Nyberg's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

standing to sue in federal court.

Nyberg filed a complaint against Portfolio Recovery Associates, LLC ("PRA"), claiming that PRA violated the FDCPA by bringing a state-court action against Nyberg to collect an alleged credit-card debt. The district court granted PRA's motion for summary judgment and dismissed Nyberg's claims.

PRA contends for the first time on appeal that this case must be dismissed for lack of Article III standing. Although PRA did not advance these objections below, we may consider them here, since "a jurisdictional defect is a non-waivable challenge that may be raised on appeal." *Wash. Envt'l Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), and "a jurisdictional prerequisite to the consideration of any federal claim," *Gerlinger v. Amazon.com*, 526 F.3d 1253, 1255 (9th Cir. 2008).

Nyberg, the party invoking federal court jurisdiction, "bears the burden of establishing the elements of Article III jurisdiction." *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019). To establish Article III standing, Nyberg must show, *inter alia*, that he suffered a concrete injury. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "Traditional tangible harms, such as physical harms and monetary harms" are concrete injuries, as are intangible harms with a "close historical or common-law analogue." *Id.* at 2204.

Because standing was not raised below, Nyberg did not have an opportunity to present "specific facts" supporting his standing. *See Williams v. Boeing Co.*, 517 F.3d 1120, 1128 (9th Cir. 2008). Looking instead to the allegations in Nyberg's complaint, *see id.*, it is unclear whether Nyberg suffered a concrete injury-in-fact sufficient to confer Article III standing. We accordingly remand the case to the district court to address Nyberg's standing. *See Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) (per curiam).

**REMANDED.**