NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0231n.06

Case Nos. 23-1996 / 2019

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| KAREN ALBRIGHT, et al., | ) | **FILED**<br>Jun 03, 2024<br>KELLY L. STEPHENS, Clerk |
| Plaintiffs-Appellees, | ) |  |
| SHANNON CROSS; DEBORAH HUGHES; LAURA MOSKWA; STEPHANIE PAYTON; CHAD ROLLES; FREDDIE SHELLNUT; BRENDA WEISS; JOSEPH WEISS, | ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| Objectors-Appellants, | ) |  |
| v. | ) | O P I N I O N |
| ASCENSION MICHIGAN, et al., | ) |  |
| Defendants-Appellees. | ) |  |

Before: COLE, GRIFFIN, and READLER, Circuit Judges.

COLE, Circuit Judge. Hospital employee Karen Albright refused to receive the COVID-19 vaccine, asserting it conflicted with her religious beliefs. Her employer, Ascension Michigan, suspended her without pay. Albright and her co-workers brought a class action lawsuit against Ascension Michigan. Ascension Michigan's parent company agreed to a settlement that would resolve claims not only for Ascension Michigan, but for all Ascension affiliates nationwide. Shannon Cross and eight others, all of whom were employed by the added affiliates, objected to the settlement. The district court approved the settlement over the objections. The objectors brought this appeal. Because no named plaintiff had standing as to the added affiliates, the district court lacked jurisdiction. For this reason, we vacate the district court's orders approving the

settlement, certifying the settlement class, and awarding attorneys' fees and expenses. We remand the case for further proceedings consistent with this opinion.

I.

Ascension Health Alliance (AHA) required its affiliates' employees to receive the COVID-19 vaccine. On November 12, 2021, Ascension Michigan and other AHA affiliates suspended employees who refused the vaccine, including those who were denied religious accommodations. Some suspended employees were called back to work beginning about five weeks later, but some were never recalled. AHA and its affiliates did not provide back pay for the suspension periods.

Karen Albright and over one hundred of her co-workers at Ascension Michigan sued, claiming that Ascension Michigan violated their rights when it refused to grant religious accommodations. The plaintiffs sought to represent a class of similarly situated Ascension Michigan employees.

AHA, Ascension Michigan's parent company, engaged in settlement negotiations with the plaintiffs. The parties reached a proposed settlement agreement that would resolve claims not only for employees of Ascension Michigan, but for employees of all AHA affiliates. Under the agreement, each class member could file a claim for up to five weeks of the average base pay in their state for their subclass (doctors, nurses, or technicians). All vaccine-mandate claims against AHA and its affiliates would be released for all class members, except those who chose to opt out of the settlement. Class members who did not opt out could object to the proposed settlement at a fairness hearing.

To effectuate the agreement, the plaintiffs filed an amended complaint that added AHA and 25 additional affiliates as defendants. The added affiliate defendants include hospitals and medical facilities in 11 other states and Washington, D.C. The amended complaint did not add

any new named plaintiffs. (*Compare* Second Am. Compl., R. 35, PageID 252–61, ¶¶ 2–221 *with* Third Am. Compl., R. 65, PageID 588–96, ¶¶ 2–191 (removing 15 named plaintiffs but adding none).) The amended complaint specifies that AHA instituted the vaccination policy that applied to its affiliates. All other factual allegations refer to the defendants collectively as "Defendants" or generically as the "employer." (*E.g.*, Third Am. Compl., R. 65, PageID 610, ¶¶ 289, 292.)

The district court preliminarily approved the settlement. Notice went out to over 4,000 potential class members. 2,703 filed claims. 281 opted out. Nine objected, all of whom were employees of newly added affiliate defendants.

After the fairness hearing, the district court certified the class, gave final approval to the settlement over the objections, and granted attorneys' fees and costs of one-third of the settlement fund after claims-administration expenses. The court did not address whether Article III standing requirements were met. The objectors brought this appeal.

II.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "That obligation extends to court approval of proposed class action settlements." *Frank v. Gaos*, 586 U.S. 485, 492 (2019) (per curiam). Likewise, "every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (brackets and internal quotation marks omitted). If the lower court lacked jurisdiction, "we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error." *Id.* (internal quotation marks omitted). We review this issue de novo. *Fox v. Saginaw Cnty.*, 67 F.4th 284, 292 (6th Cir. 2023).

A federal court lacks jurisdiction to approve a class action settlement if the litigants do not meet Article III's requirements for standing. *Frank*, 586 U.S. 485, 492 (2019). To have standing, the plaintiff must have suffered an injury-in-fact that is fairly traceable to the defendant's conduct and likely redressable by the court. *Lujan v. Defens. of Wildlife*, 504 U.S. 555, 560–61 (1992). In a class action, for any defendant at least one named plaintiff must meet these requirements. *Fox*, 67 F.4th at 292–94; *Perry v. Allstate Indemnity Co.*, 953 F.3d 417, 420 (6th Cir. 2020).

Here, the plaintiffs allege that they each suffered an injury when their AHA-affiliated employer denied their religious accommodation requests pursuant to AHA's COVID-19 vaccination policy. Each named plaintiff's alleged injury is traceable to that plaintiff's affiliate employer and to AHA. Yet the complaint does not specify which affiliate employed which named plaintiffs. Nor does the complaint explain how an injury to a named plaintiff employed by one affiliate is traceable to another affiliate. *See In re E.I. du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, 87 F.4th 315, 320 (6th Cir. 2023) (holding that the named plaintiff must "tie his injury to each defendant" and therefore cannot "sue [multiple] defendants—by lumping them all together in his allegations—when the more particular facts would allow him to proceed against only one" (internal quotation marks omitted)).

Further, it is evident from the face of the complaint that all of the named plaintiffs worked for only the Michigan affiliates. According to the complaint, the defendants operate hospitals and medical facilities in 12 states and Washington, D.C., but all 95 named plaintiffs reside in Michigan. This imbalance is readily explained. Prior to settlement, Ascension Michigan and its in-state affiliates were the only defendants named in the previously operative complaint. The plaintiffs then added 25 additional affiliate defendants and AHA for settlement purposes, but they did not add any new named plaintiffs to match the additional affiliate defendants.

There is not enough here to show that any named plaintiff has an injury traceable to the 25 additional affiliate defendants. *See Perry*, 953 F.3d at 420 (holding that because the named plaintiff had an injury traceable to only the affiliate that issued her policy, she lacked standing as to other affiliates). Because no named plaintiff had standing as to the added affiliate defendants, the district court did not have jurisdiction to approve the class action settlement.

III.

For the foregoing reasons, we vacate the district court's orders approving the settlement, certifying the settlement class, and awarding attorneys' fees and expenses. We remand the case for further proceedings consistent with this opinion.