NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MITCHELL SIEGEL; DAWN SIEGEL, | No. 20-16333 |
| Plaintiffs-Appellees, | D.C. No. 2:14-cv-02561-SPL |
| v. | |
| DIGNITY HEALTH, DBA Chandler Regional Medical Center, DBA Gilbert Mercy Medical Center, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted November 15, 2021
Phoenix, Arizona

Before: CLIFTON, BRESS, and VANDYKE, Circuit Judges.

Dignity Health appeals the district court's award of attorney's fees to the

Siegels, raising three arguments. First, Dignity Health claims that Appellees

Mitchell and Dawn Siegel do not qualify as "prevailing parties" for the purpose of

recovering attorney's fees. Second, Dignity Health claims that the district court

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

erred in determining that Dignity Health was judicially estopped from arguing that the Siegels do not qualify as "prevailing parties." Third, it claims that the Siegels' failure to comply with various provisions of Local Rule 54.2 should have precluded some or all the fees awarded. We have jurisdiction under 28 U.S.C. § 1291, *see also Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 617 (9th Cir. 1993), and we reverse and remand for further proceedings consistent with this decision.[1]

The district court erred in determining that the Siegels qualified as "prevailing parties" for the purpose of awarding attorney's fees. *See La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010) (a district court's determination regarding the "prevailing party" status is reviewed de novo). The Siegels do not qualify as "prevailing parties" because the jury's verdict did not materially alter the legal relationship between the parties by modifying Dignity Health's behavior in a way that directly benefitted the Siegels. *See Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). The only relief awarded by the verdict was attorney's fees, and the district court later vacated all of that award as improper (a point on which both sides agreed). The Siegels' failure to procure any relief precludes them from qualifying as "prevailing parties" for the purpose of recovering attorney's fees. *See Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curiam). The Siegels' argument to the contrary misinterprets 29 U.S.C. § 794a(b) and ignores

---

[1] The parties are familiar with the facts, so we discuss them here only as necessary.

precedent requiring more than mere favorable jury findings for a party to "prevail" for the purpose of recovering attorney's fees. *See Farrar*, 506 U.S. at 111–12.

The district court also erred in determining that Dignity Health was judicially estopped from arguing that the Siegels do not qualify as "prevailing parties." *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 992 (9th Cir. 2012) ("a district court's application of judicial estoppel is reviewed for abuse of discretion"). Judicial estoppel generally bars a party from asserting a particular position when: (1) that position is "clearly inconsistent" with its earlier position, (2) the party successfully persuaded a court to accept its earlier position, and (3) the party would "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Williams v. Boeing Co.*, 517 F.3d 1120, 1134 (9th Cir. 2008) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

Dignity Health's positions were not clearly inconsistent: it first argued that awarding attorney's fees as damages was procedurally inappropriate and created the potential for duplicative recovery given that Congress had already allowed attorney's fees as costs, and then it argued that the Siegels could not obtain attorney's fees as costs because they did not qualify as "prevailing parties" once they were awarded no damages. Arguing that, as a matter of procedure, only one pathway exists to obtain attorney's fees does not necessarily, much less "clearly," contradict the later argument that a particular plaintiff is not eligible for fees even using that

3

pathway. The Siegels' arguments to the contrary misconstrue Dignity Health's earlier position and ignore the fact that simply because they could have potentially received a double recovery of attorney's fees as both damages and costs *if* the district court had not vacated the jury's erroneous damages award does not mean that vacating an award of fees as damages means that the district court *must* award fees as costs.

Because Dignity Health did not present clearly inconsistent positions, it also did not receive any unfair advantage or impose any unfair detriment on the Siegels. *See Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1134 (9th Cir. 2012).

The district court's errors on Dignity Health's first two arguments provide sufficient basis for reversing and remanding, and we therefore do not reach Dignity Health's third claim regarding the local rules.

**REVERSED and REMANDED.**